# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TYRONE SMITH, | Case No. 1:17-cv-00847-AWI-JLT (PC) |
|---|---|
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| v. | (Doc. 9) |
| STANISLAUS COUNTY SHERIFF'S DEPARTMENT, et al., | **21-DAY DEADLINE** |
| Defendants. | |

Plaintiff is a transgender pretrial detainee, currently being held at Stanislaus County Public Safety Center. Plaintiff alleges that she is being denied hormone medication, access to a transgender specialist, and sex reassignment surgery. Plaintiff has not stated a cognizable claim and fails to link any of the named defendants to his allegations. Thus, the First Amended Complaint is dismissed with leave to amend.

**A.** **Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him or her to relief. *See Hishon v. King & Spalding*, 467

1

U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). A complaint may be dismissed because it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

### B. Summary of the First Amended Complaint

Plaintiff, a pretrial detainee, complains that she is transgender and is being denied hormone medication, access to a transgender specialist, and sex reassignment surgery. Plaintiff alleges that this causes her pain and suffering as she wakes up every day having to battle with the fact that she has the wrong genitalia. As a result, Plaintiff has repeated thoughts about self-harm and does not know how much longer she can tolerate living as a man. Plaintiff has told "mental health" repeatedly about this, but has not received any treatment. Plaintiff has been told that the Sheriff's Department does not have a policy to provide the services she seeks. Plaintiff names the Stanislaus County Sheriff's Department, California Forensic Medical Group, Dr. Tha, RN Lisa Larranaga, and Sheriff Adam Christianson as the defendants in this action and seeks sex-reassignment surgery, mental health therapy, and monetary damages.

Plaintiff has not linked any defendants to her factual allegations and fails to state a cognizable claim, but may be able to correct the deficiencies in her pleading. Thus, this order provides the pleading requirements, the legal standards for a claim under the Eight Amendment, and leave for Plaintiff to file a second amended complaint.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If she chooses to file a second amended complaint, Plaintiff should endeavor to make it as concise as possible. She should simply state which of her constitutional rights she feels were violated by each Defendant and its factual basis. Where the allegations against two or more Defendants are factually intertwined, Plaintiff need not repeat the factual allegations separately against each Defendant. Rather, Plaintiff should present her factual allegations and identify the Defendant(s) she feels are thereby implicated. Plaintiff need not cite legal authority for her claims in a second amended complaint as her factual allegations are accepted as true.

### 2. Linkage Requirement

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link

3

between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff's allegations that she has repeatedly told "mental health" about her feelings to cause herself harm and that "medical" is denying her to see a transgender specialist, stating that the Sheriff's Department and C.F.M.G. do not have a policy to provide for those services are not sufficiently linked to any of the defendants she names in this action. Plaintiff must clearly identify which Defendant(s) she feels are responsible for each violation of her constitutional rights and their factual basis as her Complaint must put each Defendant on notice of Plaintiff's claims against them. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### D. Claims for Relief

### B. Legal Standards

The Ninth Circuit has historically analyzed claims for violation of pretrial detainees' constitutional rights pertaining to their medical needs under the Eighth Amendment's "deliberate indifference" standard. *E.g., Clouthier v. County of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010) (applying the "deliberate indifference" standard to a suicidal pretrial detainee); *Lolli v. County of Orange,* 351 F.3d 410, 418–19 (9th Cir.2003) (applying the "deliberate indifference" standard to a diabetic pretrial detainee's claims of failure to provide care for serious medical needs); *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 & n. 9 (9th Cir.2002) (applying the "deliberate indifference" standard to the claims of a mentally ill pretrial detainee who died in custody); *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1461 & n. 2 (9th Cir.1988) (applying the "deliberate indifference" standard to a § 1983 claim by the mother of a pretrial detainee who

committed suicide in detention, and explaining that "the fourteenth amendment due process rights of pretrial detainees are analogized to those of prisoners under the eighth amendment"), vacated on other grounds, 490 U.S. 1087, 109 S.Ct. 2425 (1989), opinion reinstated, 886 F.2d 235 (9th Cir.1989). The deliberate indifference standard likewise was applied to pretrial detainees' conditions of confinement and failure-to-protect claims. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

However, in 2015, the Supreme Court held that a pretrial detainee no longer need show, as required for deliberate indifference claims, that officers were subjectively aware that their use of force was unreasonable. *Kinglsey v. Hendrickson*, --- U.S. ---, 135 S.Ct. 2466 (2015). Rather, the Court held that, when corrections officials intentionally act, the relevant standard for whether the force used was excessive is objective, not subjective. *Id.*, at 2472. The Ninth Circuit subsequently extended the objective standard to failure-to-protect (intentional inaction) claims as well. *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (overruling *Clouthier* "to the extent that it identified a single deliberate indifference standard for all § 1983 claims and to the extent that it required a plaintiff to prove an individual defendant's subjective intent to punish in the context of a pretrial detainee's failure-to-protect claim). One who suffers injuries while in custody but not yet convicted may bring a claim under the Due Process Clause of the Fourteenth Amendment. *Id.*, (holding the prohibition of cruel and unusual punishment under the Eighth Amendment inapplicable since, prior to conviction, a detainee may not be punished).

"Section 1983 itself 'contains no state-of-mind requirement independent of that necessary to state a violation' of the underlying federal right." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 405 (1997) (quoting *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *see also Heffernan v. City of Paterson*, ⎯⎯ U.S. ⎯⎯, 136 S.Ct. 1412, 1418, 194 L.Ed.2d 508 (2016) (noting that the underlying right in a § 1983 suit tracks the text of the Constitution). "The underlying federal right, as well as the nature of the harm suffered, is the same for pretrial detainees' excessive force and failure-to-protect claims." *Castro v. County of Los Angeles*, 833 F.3d at 1069-70, *cert. denied sub nom. Los Angeles Cty., Cal. v. Castro*, 137 S. Ct. 831 (2017). "Both categories of claims arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth

5

Amendment's Cruel and Unusual Punishment Clause." *Id.* Since a pretrial detainee's medical claims also arise under the Fourteenth Amendment's Due Process Clause, it appears that a cognizable medical claim is stated via allegations showing that care provided was objectively unreasonable, or that care which was not provided was objectively necessary for the plaintiff's medical condition. Thus, Plaintiff's allegations challenging denial of treatment for her gender dysphoria must show that the denial was objectively unreasonable under the circumstances.

Plaintiff plausibly alleges that she has been diagnosed with gender dysphoria for over seven years; that she hears voices every day that encourage her to cut herself which are heavy on her like a weight; that she feels disgusted, anxious, and sad; that she wakes up every day having to battle with herself having the wrong genitalia; and that Plaintiff does not know how much longer she can live with being a man. Plaintiff also alleges that she has been told that the surgery she desires is not emergent and that she does not have an urgent medical need. Plaintiff also alleges that she has been told that the Sheriff's Department and C.F.M.G. do not have a policy that provides for the services she seeks.

If Plaintiff properly linked these allegations to named defendants, at least for screening purposes she may be able to state a cognizable claim. *See, e.g., Colwell v. Bannister*, 763 F.3d 1060, 1063 (9th Cir.2014) (holding that the "blanket, categorical denial of medically indicated surgery solely on the basis of an administrative policy that one eye is good enough for prison inmates is the paradigm of deliberate indifference" (internal quotation marks omitted)); *Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir.2014) (explaining that "if the need for specialized expertise . . . would have been obvious to a lay person, then the 'obdurate refusal' to engage specialists permits an inference that a medical provider was deliberately indifferent to the inmate's condition"); *Hoptowit v. Ray*, 682 F.2d 1237, 1252–53 (9th Cir.1982) ("Access to the medical staff has no meaning if the medical staff is not competent to deal with the prisoners' problems."), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

### 2. Damages

Plaintiff seeks $2.5 million dollars in damages. However, the basic purpose of a § 1983

damages award is to compensate persons for injuries caused by the deprivation of constitutional rights. *Carey v. Piphus*, 435 U.S. 247, 254 (1978). For this reason, no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury. *Id.,* at 264; *accord*, *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986). However, "the denial of procedural due process should be actionable for nominal damages without proof of actual injury." *Carey*, 435 U.S. at 266. Nominal damage awards for the "absolute" right to procedural due process "recognizes the importance to organized society that [this] righ[t] be scrupulously observed" while "remain[ing] true to the principle that substantial damages should be awarded only to compensate actual injury." *Id.* Thus, a court is obligated to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury. *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). Though Plaintiff seeks monetary damages, she fails to show any actual injury to receive anything beyond nominal damages.

Further, Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code)." 42 U.S.C. § 1997e(e). Plaintiff alleges neither physical injury, nor sexual assault to be entitled to damages for mental or emotional injury.

### 3. Supervisory Liability

It appears that Plaintiff may have named Sheriff Christianson not because of any direct interaction, but merely because he holds a supervisorial position.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged

deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* Thus, any allegation that supervisory personnel are somehow liable solely based on the acts of those under his or her supervision does not state a cognizable claim.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a second amended complaint **within 21 days**. If Plaintiff no longer desires to pursue this action, she may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **21 days** from the date of service of this order.

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of her constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each

named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's second amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further informed that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in her second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, the Court ORDERS that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. **Within 21 days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal.

///
///
///
///

**If Plaintiff fails to comply with this order, it will be recommended that this action be dismissed for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

Dated: __**November 1, 2017**__  _____/s/ Jennifer L. Thurston_
UNITED STATES MAGISTRATE JUDGE