# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00847-AWI-JLT (PC)<br><br>**ORDER TO PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST HIS ADMINISTRATIVE REMEDIES**<br><br>**(Doc. 12)**<br><br>**21-DAY DEADLINE** |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on June 26, 2017, alleging violation of his rights based on denial of treatment for his gender dysphoria. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

In the Second Amended Complaint Plaintiff checked the sections indicating that he

1

submitted an inmate grievance on the facts alleged in this action and that the process is completed. (Doc. 12, p. 2.) Plaintiff indicates his grievance was denied at the first level because the treatment he desires is not an urgent or emergent medical procedure and that Defendant LT Kirk granted it at the second level indicating that Plaintiff could not be denied SRS, but that it would take time to set a plan in place and see what treatment plans are available. (*Id.*)

From the exhibits to the SAC, it is apparent that Plaintiff did not file his inmate grievance regarding the issues raised in this action until early July of 2017.[1] On July 13, 2017, Defendant Nurse Larranaga responded to Plaintiff's grievance indicating that the nurse practitioner had added a new medication to Plaintiff's current regimen and directed Plaintiff to discuss any additional desired medications with the nurse practitioner at his next chronic care visit. (*Id.*, p. 6.) Nurse Larranaga further indicated that SRS was not deemed an emergent, urgent need since Plaintiff was still going through court proceedings and not sentenced yet, and that he would need to be reevaluated after sentencing, or Plaintiff could request a pass to see an outside provider at his own expense. (*Id.*) Plaintiff appealed this to the next level where LT Kirk responded on August 1, 2017, that, as he had previously explained to Plaintiff, it was going to take some time as "this is all new at a county level. However it is a priority to get some type of plan in place" for Plaintiff and that LT Kirk would look into Plaintiff's new request to be housed where he can live full-time in his gender preferred role. (*Id.*, p. 7.) Thus, it appears that when Plaintiff filed suit on June 27, 2017, he did so before exhausting the available grievance procedure in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit. **Plaintiff is warned that failure to timely respond to this order will result in dismissal of this action for Plaintiff's failure to obey a**

---

[1] The exact date in July that Plaintiff presented his inmate grievance to jail personnel is unreadable. (*See* Doc. 12, pp. 9-11.) However, the responses to it are dated near the end of July. (*Id.*, pp. 6-8.) Plaintiff filed a second grievance on these issues on August 6, 2017. (*Id.*, pp. 12-13.)

**court order.**

IT IS SO ORDERED.

    Dated:   **March 28, 2018**                          **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE