# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STANISLAUS COUNTY<br>SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00847-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH 42 U.S.C. § 1997e(a) BY FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Docs. 12, 13)**<br><br>**21-DAY DEADLINE** |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on June 26, 2017, alleging violation of his rights based on denial of treatment for his gender dysphoria. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief both sought by the prisoner and offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

As noted in the OSC, Plaintiff checked the sections in the Second Amended Complaint

1

indicating that he submitted an inmate grievance on the facts alleged in this action and that the process is completed.  (Doc. 12, p. 2.)  Plaintiff indicates his grievance was denied at the first level because the treatment he desires is not an urgent or emergent medical procedure and that Defendant LT Kirk granted it at the second level indicating that Plaintiff could not be denied SRS, but that it would take time to set a plan in place and see what treatment plans are available. (*Id.*)

From the exhibits to the SAC, it is apparent that Plaintiff did not file his inmate grievance regarding the issues raised in this action until early July of 2017.[1]  On July 13, 2017, Defendant Nurse Larranaga responded to Plaintiff's grievance indicating that the nurse practitioner had added a new medication to Plaintiff's current regimen and directed Plaintiff to discuss any additional desired medications with the nurse practitioner at his next chronic care visit.  (*Id.*, p. 6.) Nurse Larranaga further indicated that SRS was not deemed an emergent, urgent need since Plaintiff was still going through court proceedings and not sentenced yet, and that he would need to be reevaluated after sentencing, or Plaintiff could request a pass to see an outside provider at his own expense.  (*Id.*)  Plaintiff appealed this to the next level where LT Kirk responded on August 1, 2017, that, as he had previously explained to Plaintiff, it was going to take some time as "this is all new at a county level.  However it is a priority to get some type of plan in place" for Plaintiff and that LT Kirk would look into Plaintiff's new request to be housed where he can live full-time in his gender preferred role.  (*Id.*, p. 7.)  Thus, it appears that Plaintiff filed suit, on June 27, 2017, he had not exhausted (and perhaps not even initiated) the available grievance procedure in compliance with section 1997e(a).  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").  Hence, this action must be dismissed.

Accordingly, it is RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to exhaust available administrative remedies prior to filing suit.  42 U.S.C. § 1997e(a).

---

[1] The exact date in July that Plaintiff presented his inmate grievance to jail personnel is unreadable.  (*See* Doc. 12, pp. 9-11.)  However, the responses to it are dated near the end of July.  (*Id.*, pp. 6-8.)  Plaintiff filed a second grievance on these issues on August 6, 2017.  (*Id.*, pp. 12-13.)

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 9, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE